UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PENNSYLVANIA MACHINE WORKS. INC.. | ) ) ) | CASE NO. 1: 05 CV 873 |
| Plaintiff. | ) ) ) | JUDGE DONALD C. NUGENT |
| v. | ) ) | |
| RICHARD J. REED. et al.. | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) | |

This matter comes before the Court upon the Motion for Partial Summary Judgment filed by Defendants Richard Reed and North Coast Remanufacturing Corporation ("North Coast"). (ECF # 31.)

I.[1]

The Complaint in the instant case relates to an October 1999 proposal submitted by North Coast to Plaintiff for the performance of machine tool and rebuilding services on Plaintiff's Apex Rotary Transfer Machine ("Apex Machine"). (ECF # 1 at ¶ 8.) On November 9, 1999, Plaintiff issued a purchase order to North Coast to perform the work in accordance with the October 1999 proposal. (*Id.* at ¶ 10.) Under the terms of the purchase order, North Coast was to complete the service on the Apex Machine by on or about July 31. 2000. (*Id.* at ¶ 11.) The Complaint provides that, although the initial price for performing these services was $394,980. as a result of change orders, the price eventually increased to $608,959. (*Id.*)

---

[1] The factual summary is based upon the parties' statements of fact. Those material facts that are controverted and supported by deposition testimony, affidavit, or other evidence are stated in the light most favorable to the non-moving party.

According to Plaintiff, North Coast failed to complete the service on the Apex Machine by July 31, 2000. (*Id.* at ¶ 12.) The Complaint alleges:

> During the period from August, 2000 through November, 2003, representatives of Penn Machine had numerous discussions with representatives and agents of North Coast concerning progress of the rebuilding work on the Apex Machine. During the course of these discussions, North Coast repeatedly assured [Plaintiff] that the rebuilding work was progressing satisfactorily, and would soon be acceptably completed.

(*Id.* at ¶ 13.) The Complaint further asserts that, contrary to North Coast's assurances and representations, the work on the Apex Machine was never satisfactorily completed. (*Id.* at ¶ 14.)

Plaintiff states that it has sustained and will continue to sustain damages as a result of North Coast's failure to perform the service. (*Id.* at ¶ 17.) Plaintiff further alleges that Defendant Richard Reed was North Coast's alter ego, and that Mr. Reed and North Coast engaged in actions specifically calculated to avoid their liabilities and obligations to Plaintiff. (*Id.* at ¶ 32.) These alleged actions are the subject of Count II of the Complaint, wherein Plaintiff alleges a fraudulent conveyance in violation of Section 1336.05 of the Ohio Uniform Fraudulent Transfer Act. (*Id.* at ¶¶ 46-50.) More specifically, Plaintiff asserts the following:

> Though Reed and North Coast knew of North Coast's failure to perform and the resulting harms incurred by [Plaintiff], in April, 2004 it subsequently transferred substantially all of its assets to another entity and distributed the proceeds of this sale to, among others, Reed individually. Upon information and belief, North Coast was insolvent or nearly insolvent in April 2004. As the sole owner and officer of North Coast, Reed had affirmative knowledge of both North Coasts's financial condition and its breach of it [sic] obligations to [Plaintiff].

(*Id.* at ¶¶ 48-49.) Plaintiff asserts that, because Mr. Reed was an "insider" of North Coast in April of 2004, the transfer of assets to him is in violation of the statute. (*Id.* at ¶ 50.)

## II.

Summary judgment is appropriate when the court is satisfied "that there is no genuine

2

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. It is with these standards in mind that the instant Motion must be decided.

### III.

Based upon a thorough review of the briefs submitted by the parties, as well as the materials submitted in support thereof, the Court finds that genuine issues of material fact exist which make summary judgment inappropriate in this case. Even the facts as set forth by Defendants reflect that the events giving rise to the Complaint, namely the alleged failure to complete the work on the Apex Machine, existed prior to the transfer of the assets. Because the Court finds that a genuine issue of material fact exists as to whether that transfer was fraudulent under the statute, Defendants' Motion for Partial Summary Judgment is DENIED.

### IV.

For the reasons set forth above, the Motion for Partial Summary Judgment filed by Defendants Richard Reed and North Coast Remanufacturing Corporation is DENIED. (ECF # 31.)

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: January 30, 2007